# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abdihakiin Ahmed Qalinle,<br><br>  Petitioner,<br><br>v.<br><br>Michael Donahue,<br><br>  Respondent. | No. CV-15-02190-PHX-DJH (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Abdihakiin Ahmed Qalinle (Petitioner) has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent argues that the Petition should be denied as moot because Petitioner has been released from detention. (Doc. 10, Ex. A.) As set forth below, the Court finds that the Petition should be dismissed as moot.

## I.  Factual and Procedural Background

Petitioner is a native and citizen of Ghana. (Doc. 1 at 4.) On November 1, 2014, Petitioner applied for admission to the United States at the port-of-entry in Otay Mesa, California. (*Id.*) Petitioner was detained by United States Immigrations and Customs Enforcement (ICE) officials on November 3, 2014. (*Id.*) On May 5, 2015, an immigration judge ordered Petitioner removed from the United States. (*Id.*) Petitioner states that he has cooperated with efforts to effectuate his removal. (*Id.*)

On October 30, 2015, Petitioner filed a petition for writ of habeas corpus in this Court asserting that he has been detained for more than six months beyond the date his

order of removal became final, in violation of the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1.) Petitioner alleges that because his removal is not significantly likely to occur in the reasonably foreseeable future, his continued detention is unlawful under *Zadvydas*. (*Id.* at 4.) Therefore, he argues that he should be immediately released from detention under an order of supervision. (*Id.* at 9.)

On December 10, 2015, Respondent filed a notice of Petitioner's release and a suggestion of mootness. (Doc. 10.) Respondent asserts that Petitioner was released from detention under an order of supervision dated November 6, 2015 (Doc. 10, Ex. A), and therefore his pending habeas petition is moot because he has been granted the relief he requested. (Doc 10, Ex. A) On December 11, 2015, the Court issued an order to show cause why this action should not be dismissed as moot because of his apparent release. (Doc. 11.)[1] Petitioner has not responded to that order, or requested an extension of time to do so.

## II. The Petition is Moot

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to hear 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). An actual case or controversy must exist at all stages of judicial review. *Ortez v. Chandler*, 845 F.2d 573, 574-575 (5th Cir. 1988) (holding that no case or controversy existed when movant, who challenged his bond determination, had been deported because the relief he requested, reduction of his bond, could no longer be effected.) This limitation restricts the jurisdiction of the federal courts to cases on which there is a possible judicial resolution. *Geraghty*, 445 U.S. at 395. The federal courts lack jurisdiction to review moot issues. *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (stating that "[i]t is an inexorable command of the United States

---

[1] The Court also ordered Petitioner to show cause why this action should not be dismissed for failure to notify the Court of his current address, or alternatively to notify the Court of his current address. (Doc. 11.) The Court's December 11, 2015 Order was returned as undeliverable. (Doc. 12.) Petitioner subsequently filed a notice of change of address, and the December 11, 2015 Order was mailed to his new address on December 24, 2015. Because Petitioner filed a change of address, this matter is not subject to dismissal based on Petitioner's earlier failure to notify the Court of his new address.

- 2 -

Constitution that the federal courts confine themselves to deciding actual cases and controversies."). An action is moot when the parties lack a legally cognizable interest in the outcome. *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985).

Here, Petitioner challenges his continued detention and seeks release under an order of supervision. (Doc. 1.) Because Petitioner has been released from detention under an order of supervision, the relief he requests can no longer be granted. Therefore, no "case or controversy" remains and the Petition is moot. *See Picrin–Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed); *see also Abdala v. INS*, 488 F.3d 1061, 1064-65 (9th Cir. 2007) (discussing and collecting cases in which a petitioner's release from detention, parole, or removal rendered a habeas petition moot); *Flores–Torres v. Mukasey*, 548 F.3d 708, 710 n.3 (9th Cir. 2008) (dismissing as moot a challenge to immigration detention without a hearing because the alien had subsequently received a hearing). The Court does not have subject matter jurisdiction to consider a habeas claim that is moot. *See McCullough v. Graber*, 726 F.3d 1057, 1060 (9th Cir. 2013).

### III. Conclusion

Because Petitioner has been released from detention, his Petition, which seeks release from detention, is moot. *See Abbot v. Federal Bureau of Prisons*, 771 F.3d 512, 513 (9th Cir. 2014). Accordingly, the Court recommends that the Petition be denied as moot.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED** as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation

within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  The parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 29th day of January, 2016.

_____
Bridget S. Bade
United States Magistrate Judge